IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MANDRELL J. CORNETT                                                  PLAINTIFF

V.                                    NO. 11-3108

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration           DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Mandrell J. Cornett, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the

Social Security Act (Act).  In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on January 19, 2010,

alleging an inability to work since October 15, 2000, due to:

> limeted [sic] physical mobility, possible R/A, drug use, victim of abuse,
> not having a stable mental state I have had physical problems and metal
> [sic] problems as a child I had problems with bowell [sic] movements
> until the age of 13 yrs much embarrasement [sic] and ridicule from my
> family I don't know if this was because I was abused but some how I lost
> what was to become something greater of myself really don't know what
> to add but my work history speaks clearly enough Mental and emotional
> illness.

-1-

(Tr. 159, 192, 220). An administrative hearing was held on May 16, 2011, at which Plaintiff appeared with counsel and testified.  (Tr. 26-58).

By written decision dated July 8, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe-obesity, dysthymic disorder and personality disorder.  (Tr. 11).  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 12).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally balance, crawl, kneel, stoop, crouch and climb stairs, ramps, ladders, ropes and scaffolds.  The claimant is also limited to work where interpersonal contact is incidental to the work performed, the complexity of the tasks is learned and performed by rote with few variables and little judgment involved.  Supervision required is simple, direct and concrete.

(Tr. 13). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could perform such jobs as production work/bench assembler and hand packager.  (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 23, 2011.  (Tr. 1-3).  Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties.  (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 10, 12).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

-2-

## II.     Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

-3-

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.    Discussion:**

Plaintiff raises the following arguments on appeal: 1) The ALJ erred in failing to find Plaintiff's knee pain a severe impairment; 2) The ALJ erred in determining Plaintiff's RFC; 3) The ALJ erred in failing to propound an accurate hypothetical to the ALJ; and 4) The ALJ's decision was not supported by substantial evidence.  (Doc. 10).

**A.    Severe Impairment:**

An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  20 C.F.R. § § 404.1521, 416.921.  The Supreme Court has adopted a "de minimis standard" with regard to

-4-

the severity standard.  Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cri. 1989).

It is noteworthy that Plaintiff did not present any objective evidence to show that he complained or sought treatment for a knee impairment during the relevant time period.  The ALJ did acknowledge Plaintiff's knee pain in his decision when he reported that Plaintiff reported "pain in his knees and upper and lower back," and that "[h]is knee has started to feel like it is on fire and he needs to stretch it out or walk." (Tr. 14).  However, the ALJ also discussed Plaintiff's daily activities, his work in the garden, and the fact that Plaintiff only took over-the-counter medication for his pain.  In addition, as noted by Defendant, the ALJ limited Plaintiff's RFC to a limited range of light work, which provides for any limitations that Plaintiff may experience due to knee discomfort.

The Court finds that there is substantial evidence to support the ALJ's findings with respect to Plaintiff's severe impairments.

**B.  RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that

-5-

addresses the claimant's ability to function in the workplace.  <u>Lewis v. Barnhart</u>, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  <u>Id</u>.

In the present case, the ALJ determined that Plaintiff had the RFC to perform unskilled light work with certain limitations.  In making this determination, the ALJ discussed Plaintiff's daily activities; the fact that no x-rays were ever taken of Plaintiff's back by Dr. Don Reese in 2004; the fact that Plaintiff had not taken any medications for his symptoms or sought medical treatment since 2005; the fact that Plaintiff testified at the hearing that he had not experienced any major back problems for the prior three or four years and that Advil seemed to control the pain; and the fact that Plaintiff had never taken any medications for his alleged psychiatric problems.  (Tr. 15, 41).  Failure to seek regular treatment or obtain pain medication is inconsistent with complaints of disabling pain..  <u>See Benskin v. Bowen</u>, 830 F.2d 878, 884 (8th Cir. 1987).  Although Plaintiff claimed that he did not have insurance and could not afford medications, there is no indication that he sought assistance from a free clinic.  In addition, Plaintiff was somehow able to afford to drink 8-10 beers per week, smoke cigarettes, and smoke marijuana twice a week. (Tr. 269, 363-364).

The only medical records in this case are the following: January and February of 2004 visits with Dr. Ron Reese, where Plaintiff complained of back pain; a March 9, 2010 Mental Diagnostic Evaluation conducted by Dr. Terry L. Efird; a March 11, 2010 Psychiatric Review Technique form completed by Dr. Winston Brown; a March 11, 2010 Mental RFC Assessment completed by Dr. Brown; a March 11, 2010 Psychiatric Review Technique completed by Dr. Brown, assessing Plaintiff's mental condition from March 31, 2001; a March 26, 2010 General

-6-

Physical Examination conducted by Dr. Shannon Brownfield; a Physical RFC Assessment dated April 2, 2010, completed by Dr. Bill F. Payne; a Case Analysis affirming the mental RFC assessment; a Case Analysis affirming the physical RFC assessment; and the report and mental RFC assessment completed by Dr. Vann Smith.  ( 268-272, 275-287, 293-305, 307-312, 315-322, 325, 328, 330-338, 363-364).

Plaintiff's own reports indicate that he performs many daily activities, takes care of his children and wife, cooks for the family, mows and does home repairs, goes outside daily, socializes and enjoys the company of other people - twice to three times weekly, goes to a community center, and plays the guitar.  (Tr. 183-187).

Dr. Efird endorsed the ability of Plaintiff to drive unfamiliar routes; shop independently; perform most activities of daily living adequately; communicate and interact in a reasonably socially adequate manner; communicate in a reasonably intelligible and effective manner; perform basic cognitive tasks required for basic work like activities; appear able to track and respond adequately for purposes of the evaluation; had no remarkable problems with attention/concentration; generally completed most tasks during the evaluation; and completed most tasks within an adequate time frame.  (Tr. 271).

It is also noteworthy that Plaintiff reported to Dr. Efird that his mental symptoms were not stopping him from being able to work - "What stops him from working is just 'not caring about it.'" (Tr. 268).  At the hearing, Plaintiff testified that he really did not have any other reason to not be able to maintain a job except for his attention span- "or the - not necessarily the lack of interest-but dedication.  I think my mind-my mind switches almost like a television sometimes." (Tr. 42).  He also testified that at other jobs, he did not skip work or get fired due

-7-

AO72A
(Rev. 8/82)

to lack of being at work, but that "[i]t was usually something else or just - I don't know, just quit a job. I've - I've quit jobs before for no apparent reason before I had another job. Maybe I just saw no future, or just something else I had to go do; and then, I was rather irresponsible in my younger days." (Tr. 43). In one of Plaintiff's undated Disability Reports - Adult, he included alcohol and marijuana as medications he used. (Tr. 196).

Dr. Winston Brown found Plaintiff had a moderate degree of limitation in difficulties in maintaining social functioning and concentration, persistence or pace, and had a mild degree of limitation in activities of daily living. In his Mental RFC Assessment, Dr. Brown concluded that Plaintiff appeared to be capable of unskilled work. (Tr. 285, 289-292). Dr. Brown also found that Plaintiff did not have a medically determinable mental impairment as of his date of last insured - March 31, 2001. (Tr. 293, 305).

Dr. Brownfield diagnosed Plaintiff with multiple pain areas, fatigue, and asthma, stating that Plaintiff needed evaluation. (Tr. 311). She indicated that Plaintiff had moderate limitation in prolonged positions, standing, walking, or upon exertion. (Tr. 311).

Dr. Bill F. Payne concluded in his Physical RFC Assessment that Plaintiff was currently capable of performing medium work  and that there was insufficient evidence as of the date last insured, noting that there was no available treatment records on or before the date last insured, and that Plaintiff had no treatment for any of his allegations. (Tr. 319, 322).

The ALJ gave little weight to the report and Mental RFC Assessment of Dr. Vann Smith. (Tr. 16). The Court finds this to be appropriate. In his report, Dr. Smith stated that medical records "are being requested for review" and it therefore appears that Dr. Smith did not have the benefit of Plaintiff's medical records when he examined him, and relied on Plaintiff's self-

-8-

reported history and not the entire record. (Tr. 330). The ALJ found that Dr. Smith's opinion that Plaintiff was disabled was not supported by any treatment records, progress notes or objective medical testing, and that Dr. Smith's opinion merely stated a conclusion that Plaintiff was disabled. (Tr. 16). The Court agrees.

Courts have affirmed decisions in which one-time examination reports from Dr. Vann Smith were accorded little weight. See Hudson v. Barnhart, 2005 WL 1560249, *1 (8th Cir. Jul. 6, 2005)("The ALJ gave good reasons for his resolution of the conflict between the mental RFC opinion of Dr. Smith versus those of consulting psychologist Paul Iles and the agency reviewing psychologists"). In Clement v. Barnhart, 2006 WL 1736629 (8th Cir. June 26, 2006), the Eighth Circuit concluded that the ALJ properly discounted the RFC assessment in Dr. Smith's report "after finding it was not supported by his own testing and evaluation, or by other medical evidence in the record, and was inconsistent with Clement's reported daily activities." Id. at *1. District Courts in the Western District of Arkansas have affirmed the ALJ decisions which accorded little weight to Dr. Vann Smith's opinions. See Cole v. Astrue, 2009 WL 3158209, *8 (W.D.Ark. Sept. 29, 2009)(holding that Dr. Smith's opinion was inconsistent with the remaining medical evidence of record); Partee v. Astrue, 2009 WL 2987398, *1 (W.D. Ark. Sept. 14, 2009)(holding that the ALJ clearly recited the evidence of record and why he gave more weight to the findings of Dr. Bunting over that of Dr. Smith); Haarstad v. Astrue, 2009 WL 2324711, *5 (W.D. Ark. July 27, 2009). The court in Cole also found that the ALJ was not biased against Dr. Smith, but merely pointed out the "inconsistencies within Dr. Smith's assessment and the inconsistencies between Dr. Smith's assessment and the other medical evidence of record." 2009 WL 3158209 at *8, n.1. but merely pointed out the "inconsistencies within Dr. Smith's

AO72A
(Rev. 8/82)

assessment and the inconsistencies between Dr. Smith's assessment and the other medical evidence of record."  2009 WL 3158209 at *8, n.1.

The ALJ gave great weight to the opinion of Dr. Brownfield and to the physicians and medical professionals employed by the State Disability Determination Services.  The ALJ considered Plaintiff's medical records, his lack of treatment and medication, his testimony, and his daily activities and concluded that Plaintiff was capable of performing light, unskilled work with certain limitations.  The Court is of the opinion that there is substantial evidence to support the ALJ's RFC findings.

**C.**     **Hypothetical Question Presented to the VE:**

At the hearing, the ALJ proposed the following hypothetical to the VE:

> I'd like you to assume a hypothetical younger individual with a high school education.  This person can do work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by (INAUDIBLE) with few variables and little judgment required.  Supervision required is simple, direct and concrete.  A person can occasionally lift and carry 20 pounds, frequently 10, and stand and walk for six hours in a day; can sit for six hours; would have to change positions about once every hour; can occasionally climb, balance, crawl, kneel, stoop, crouch.  No past relevant work to consider; no transferable skills.  Would there be work in the economy this person could do?

(Tr. 55).  In response, the VE stated that there would be production work, such as a bench assembler, packers and hand packagers.

The Court believes the hypothetical question the ALJ proposed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole.  See Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).  The Court further believes that the VE's response to the hypothetical question constitutes substantial evidence supporting the

-10-

ALJ's conclusion that Plaintiff's impairments did not preclude him from performing light work with certain limitations as a bench assembler, packer and hand packager. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from VE based on properly phrased hypothetical question constitutes substantial evidence).

**V.      Conclusion:**

The Court finds there is substantial evidence to support the ALJ's decision and accordingly, hereby affirms the ALJ's decision and dismisses Plaintiff's case with prejudice.

DATED this 26th day of November, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-11-